### Harry Feigenbaum, Defendant in Error, v. Louis Dultz, Plaintiff in Error.

## Gen. No. 15,716.

1. CONTRACTS—*effect of final certificate upon right to recover under building contract.* A final certificate by the architect is not necessarily essential to the right to recover under the contract under which the work was done and the material furnished.

2. MUNICIPAL COURT—*when judgment set aside.* A judgment of the Municipal Court will be set aside on review if it is not supported by the evidence.

Error to the Municipal Court of Chicago; the HON. HUGH R. STEWART, Judge, presiding. Heard in this court at the October term, 1909. Reversed and judgment here. Opinion filed October 5, 1911.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; JOHN C. SLADE, of counsel.

SALTIEL & ROSSEN, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This writ of error is brought by Louis Dultz to reverse a judgment of $202.55 and costs against him rendered by the Municipal Court sitting without a jury, in a case of the fourth class.

Dultz was the owner of a building on West Taylor street in Chicago, which he wished remodeled and practically rebuilt. Feigenbaum, the plaintiff below and defendant in error here, as "carpenter contractor, raiser and mover of buildings, etc.," contracted "to provide all the materials and perform all the work for the house moving and raising, carpenter's work, including iron work and material, stone walks, railings, hardware, sliding doors, plumbing, gas fitting and sewer work, lathing and plastering, painting and glazing, sheet metal work, composition roofing, mosaic floor, electrical work, iron work, in and on the building numbered 785 West Taylor street, Chicago, Ill., as shown on the drawings or described in the specifications prepared by the architect, W. C. Goodman."

The contract provided that the work should proceed "in a skillful and workmanlike manner in accordance with the plans and specifications;" that the sum to be paid therefor should be $1800, to be paid "only upon certificates of the architect." It provides also, however, that the final payment shall be made thirty days after the completion of the work.

The contract contains the usual stipulations concerning the right of the owner to pay lien claims arising out of the work and charge the same to the contractor, and a clause insisted on by the plaintiff in error as material in this controversy, reading thus:

"No certificate given or payment made under this contract except the final certificate or final payment shall be conclusive evidence of the performance of this contract either wholly or in part, and no payment shall be construed to be an acceptance of defective work or improper materials."

Feigenbaum, claiming that he had completed his

work, and that he had not been able to obtain settlement and final payment for it, brought suit. His demand was for $725.10. One hundred and forty-seven dollars of this amount he claimed was a balance of the $1800 provided for by the contract, which had not been paid; the balance of $578.10 he claimed for various items of extra work and materials not included in the specifications and contract.

The defendant Dultz gave notice of a claim of set-off of $886.95, resulting from an alleged failure of the plaintiff to complete the work provided for by the contract in a workmanlike manner; and in defending the suit, besides insisting on various items of damages specified in this notice of set-off, because of this alleged failure, contended that nothing could be recovered on the contract because no final certificate of the architect had been obtained; that only $118.90 was ever due for extras, and that the plaintiff had been, either directly or by payments made to his creditors, sub-contractors or employes, already overpaid to a considerable amount.

After hearing a great volume of evidence the court found that there was due on the original contract a balance of $100; for certain work on and in an "attic" which was not covered by the specifications, $275; for sewers as per agreement outside the contract, $75; and for various other extras, $113.90, aggregating as the sum due from the defendant to the plaintiff $563.90. It also found, however, that there was due from the plaintiff to the defendant on the claimed set-off, as damages for various things required by the contract but omitted or insufficiently performed, $219.04. Supplementing these findings the court made another, that there was also due to the defendant the sum of $142.31 for unpaid material used by the plaintiff in the building of the defendant, for which sum a judgment had been obtained in the Municipal Court against the defendant and the plaintiff jointly in favor

of Isaac Zechman and Jennie C. Zechman, who were entitled to a mechanic's lien on the premises involved.

Judgment was thereupon rendered against the defendant in favor of the plaintiff for the difference between $563.90 and $361.35 (the sum of the two amounts found due from the plaintiff to the defendant), being $202.55, as herein first stated. The defendant in error has not filed any brief in this court.

The plaintiff in error assails this judgment in the following respects. He maintains, first, that nothing should be found due as a balance of the original contract, because it is admitted that no final certificate was ever issued by the architect nor was the work ever accepted by him as satisfactory. / We do not think there is anything in the contract which would prevent the recovery as a final payment of that which the court might find in this suit was properly due; but as in our view, as will hereinafter appear, the plaintiff has been already overpaid on the contract, this point need not concern us.

Another objection made to the finding and judgment is that they include $275 as payment for work outside the contract for attic, bath and sleeping rooms, constructed in a manner which violated the building ordinances of Chicago. Therefore it was and is the duty of the courts, he says, to refuse compensation for making them. A consideration of the evidence has failed to show us definitely how or why they were illegal. The conversations proven between the parties concerned in the building and the so-called admissions do not compel or warrant any such holding on account of the alleged illegality as would deprive the plaintiff of the payment the defendant contracted to make him for this work.

But the defendant, plaintiff in error, claims further that the payment so contracted for was $200, and that the court allowed $275. This is a question of fact,

on which the evidence was conflicting, and after consideration we see no reason for setting aside the conclusion of the trial judge upon it.

Plaintiff in error, however, also attacks the allowance of $75 extra for sewers. We think the objection is well taken. The court below held with the defendant in ruling on the evidence offered concerning it, but apparently reversed that ruling in his finding. So far as appears from the evidence, the sewers for which this extra payment was allowed were included in the contract.

Without expressly waiving the point that the allowances made to the plaintiff in error for omissions and bad work were insufficient, counsel decline to argue the matter in detail, and we shall not interfere with the finding of the court thereon. We therefore confirm that allowance of $219.04.

There was therefore, in our view, due at the time of the judgment to the plaintiff, less whatever payments had been made and less $219.04, the following sums:

$1800    for contract price,
275    for extra attic rooms,
113.90  for other extras,

a total of $2188.90.

Without consideration of the payments this would leave due to the plaintiff after the deduction of the $219.04 allowed on the set-off, $1969.86.

The remaining question for us therefore is, what amount the evidence shows had been paid by the defendant to or on account of the plaintiff and was properly chargeable to him. We have been forced to a laborious examination of the record in this regard, without the assistance of any suggestion from the defendant in error, and without a convenient tabulation or, so far as we have been able to see, a complete one

from the plaintiff in error even.  We have made such an examination, however, and are unable to arrive at any other conclusion than that the amount so proven to have been paid is $2090.80, according to the following schedule:

> $250 cash on order of Aug. 3, 1908.
> 210 pd. Wallich & Co. Aug. 4, 1908, (moving bldg.)
> 50 cash Aug. 15, 1908.
> 270 cash Aug. 19, 1908.
> 300 cash Aug. 26, 1908.
> 80 Paid Kappen Aug. 26, 1908 } For
> 45 Paid Kappen subsequently } iron work.
> 55 Paid Scher Aug. 28, 1908, electric material.
> 30 Paid Koversky Sept. 4, 1908, Roofing.
> 55 Cash Sept. 4, 1908.
> 58 Paid Chicago Plate Glass Co. Sept. 10, 1908.
> 98 Paid Friedley Voshardt Co. Sept. 10, 1908, metal ceilings.
> 14 Paid J. L. Smith Sept. 10, 1908, Tiles.
> 177 Paid Stein & Norantz Oct. 12, 1908, Sheet metal work.
> 125 Paid Turansky at different times, Plastering.
> 23.80 paid Perlman, Hardware.
> 65.00 Paid Brockman & Crane, Painting.
> 185 Paid Goldsmith on Judgment of Dultz and Feigenbaum.

Total, $2090.80.

This is a larger amount than the plaintiff in error in his argument contends for, but while some of these items were certainly not expressly admitted, we cannot see that the evidence is not sufficient, in the absence of particular specific contradiction, to establish

them. Mr. Feigenbaum's general denial of payments to exceed $1643 is not convincing against it.

We cannot avoid the conclusion, therefore, that, without reference to the judgment that day obtained by the Zechmans against Dultz and Feigenbaum, the court, instead of finding that anything was due from the defendant to the plaintiff, should have found that there was due from the plaintiff to the defendant on his set-off the difference between $2090.80 and $1969.86, or $120.94, and that the judgment instead of being for $202.55 in favor of the plaintiff, should have been for $120.94 in favor of the defendant. The judgment of the Municipal Court will therefore be reversed and judgment will be entered here in favor of the plaintiff in error against the defendant in error for $120.94.

*Reversed and judgment here.*